IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANE TINGLE ) | |
| ) | Civil Action No.: |
|    Plaintiff, ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| DRIVE TIME CAR SALES COMPANY, ) | |
| LLC. ) | |
|    Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Dane Tingle ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against DRIVE TIME CAR SALES COMPANY, LLC. ("Defendant") pursuant to the Family Medical Leave Act ("FMLA"), and for discrimination and retaliation  in violation of the Americans with Disabilities Act of 1990 ("ADA"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C.§2000(e)-5(f), venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company located at 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA.

6.

Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around April 28, 2022, and was issued a right-to-sue letter by the EEOC on October 17, 2022.   Therefore, this complaint is being filed within 90 days of receiving her right to sue letter.

## FACTUAL ALLEGATIONS

7.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA and ADA.'

8.

Plaintiff became employed with the Defendant on or around September 7, 2020, as a Team Leader.

9.

Plaintiff has been diagnosed with Iritis, a disability that affects his eyesight.

10.

On March 29, 2022, Plaintiff requested FMLA leave from April 1, 2022, through April 10, 2022.

11.

This leave request was approved by the Defendant on April 14, 2022.

12.

On that same day verbally Plaintiff informed the Defendant that he would likely need additional leave until May 5, 2022, should disability continue to be inflamed.

13.

On April 14, 2022, Defendant acknowledged receipt of this second leave request, and informed Plaintiff, that he would need to provide documents for a recertification no later than April 29, 2022.

14.

On or around April 18, 2022, Plaintiff returned to work, as he was willing and able to perform his job duties.

15.

On April 21, 2022, Plaintiff received a Notice of Separation, with no reason stated.

16.

When Plaintiff inquired as to the reason behind his termination, Defendant informed him that it was due to a "reduction in force." Plaintiff then inquired about how the decision to termination who was made. Defendant responded that it looked at the tenure or seniority of each employee in making this determination.

17.

Plaintiff is able to identify at least one comparator who had been employee who had been employed at Defendant for a less amount of time as Plaintiff, but this comparator was not terminated.

18.

Plaintiff is also able to attest that this comparator had not requested FMLA leave during the relevant time period, nor did this comparator have a disability under the ADA.

19.

Prior to Plaintiff's termination, he had not received any poor performance reviews or any reprimands from Defendant.

20.

Defendant terminated Plaintiff because of his need for FMLA protected leave and/or due FMLA protected work absences.

5

21.

In terminating Plaintiff, Defendant interfered with Plaintiff's exercise of FMLA rights and/or retaliated against Plaintiff for his exercise of FMLA rights.

22.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

23.

Plaintiff worked more than 1250 hours during the 12-month period immediately preceding his FMLA protected absences, requested leave, and termination. Plaintiff was employed by Defendant for more than 12 months preceding his FMLA protected absences, request for leave and termination.

24.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2019 and 2020 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

## <u>CLAIMS FOR RELIEF</u>
## <u>VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT</u>
## <u>COUNTS I & II</u>
## <u>(FMLA INTERFERENCE AND RETALIATION)</u>

25.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

26.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

27.

Plaintiff was an eligible employee under the FMLA.

28.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, entitling him to all appropriate relief under the statute.

29.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

30.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

31.

Defendant terminated Plaintiff because of his need for FMLA leave and/or due FMLA protected work absences. Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and/or retaliation.

32.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

33.

As a result of his termination, Plaintiff has suffered lost wages and other damages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is entitled to liquidated damages.

34.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

## COUNT III - VIOLATION OF AMERICANS WITH DISABILITIES ACT (DISABILITY DISCRIMINATION)

35.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

36.

Defendant is and, at all times relevant, has been an "employer" as defined by the ADA.

37.

Plaintiff was, at all relevant times, an individual with a disability as defined under the ADA.

38.

Plaintiff was, at all relevant times, "qualified" to perform her job with Defendant.

39.

Defendant knew, at all relevant times, that Plaintiff had a disability and a record of a disability as defined by the ADA.

9

40.

Defendant perceived Plaintiff, at all relevant times, as a person with a disability.

41.

Defendant knew Plaintiff needed an accommodation in regards to limited time off work for treatment related to hIS disability.

42.

Plaintiff requested a reasonable accommodation for FMLA leave due to his disability.

43.

Nevertheless, Defendants discriminated against Plaintiff due to his disability, actual or perceived, and his record of disability.

44.

Defendant refused to engage in good faith dialogue to accommodate Plaintiff.

Defendant failed to allow Plaintiff to exercise his reasonable accommodation.

45.

Defendant terminated Plaintiff because of his disability, actual or perceived, and/or her record of disability.

46.

Defendant would not have taken these actions if Plaintiff had not had a disability.

47.

Defendant's actions violate the ADA.

48.

As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages, non-monetary damages, and attorneys' fees.

## COUNT IV – (DISABILITY RETALIATION)

49.

Plaintiff incorporates by reference the preceding paragraphs.

50.

Defendants retaliated against Plaintiff for the exercise of protected conduct under the ADA, entitling Plaintiff to all appropriate relief under the statute.

51.

Defendant terminated Plaintiff because of his request for medically necessary accommodation to treat his disability.

52.

Any reason given for Plaintiff's termination is pretext for unlawful disability discrimination and/or retaliation.

53.

Defendant terminated Plaintiff in retaliation of his exercise of rights protected by the ADA. In doing so, Defendants violated the ADA.

54.

As a result of his termination, Plaintiff has suffered lost wages and other damages for which she is entitled to recover.

55.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

56.

Plaintiff suffered discrimination because of his disability when Defendants terminated her employment.

57.

Plaintiff was treated less favorably than other similarly situated employees due to his disability.

58.

Defendant took an adverse employment action against Plaintiff because of his disability.

59.

Defendant's discriminatory acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

60.

As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation.

61.

Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

62.

Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. § 621 *et seq.*

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)        General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)        Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c)        Punitive damages;

(d)        Reasonable attorney's fees and expenses of litigation;

(e)        Trial by jury as to all issues;

(f)        Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)        All equitable relief available under the FMLA and ADA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)        All other relief to which she may be entitled.

Respectfully submitted this 18th day of October 2022.

s/ Jeremy Stephens
Jeremy Stephens, Esq.
GA Bar No.: 702063
MORGAN & MORGAN
191 Peachtree Street, N.E., Ste. 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-1682
E-mail: jstephens@forthepeople.com
Attorney for Dane Tingle